THE STATE *v.* T. J. KEETON AND D. A. MCGRADY.

1. PUBLIC SCHOOL LAW. *Violated. When.* A contract to set out trees, shrubbery and evergreens around a school-house, or a contract to enclose a school-house with a fence, and to furnish furniture for the room, is such a contract as the Board might make, but, when made with a director, it is in violation of the 19th section of the public school law, and is a misdemeanor under sec. 4596 of the Code.

. 2. CONTRACT. *Consideration implied. When.* The making of a contract implies a consideration, and the charge of taking a contract imports, *ex vi termini*, an agreement to do on a sufficient consideration.

---

FROM DAVIDSON.

---

Appeal from the Criminal Court. THOMAS N. FRAZIER, J.

TRIMBLE for defendant.

ATTORNEY-GENERAL for the State.

FREEMAN, J., delivered the opinion of the court.

The defendants in these cases are indicted for violating the 19th section of the public school law. It is that no director shall be a teacher in the public schools of his district, nor take any contract for building a school-house in his district, nor any contract which his board is competent to make, nor become the owner of a school warrant. The offense in one case, is a contract to set out trees, shrubbery

and evergreens around the school-house; in the other, a contract to enclose the school-house with a fence, and furnish desks and furniture for the house. The contracts are clearly such as the board might make, and are forbidden by the statute.

By sec. 4596 of the Code, it is provided when the performance of any act is prohibited by statute, and no penalty for the violation of such statute is imposed, the doing such act is a misdemeanor. This is precisely the case before us. It may be that these contracts were innocently made; but the evil intended to be guarded against, was the danger of public officials using their positions, and influence incident to them, in procuring advantageous contracts to the public detriment, in matters under their official control, with the spirit of official peculation so rife in the land. The court cannot fail to see the propriety of strictly enforcing all laws intended to guard the public against such abuses.

It is argued, however, that in the case of Keeton, it is not averred he took or received pay for the work he contracted to do. There is nothing in this, as the making a contract necessarily implies a consideration, and the charge of taking a contract imports, *ex vi termini*, an agreement to do on a sufficient consideration.

If it was a gratuity, it may easily be shown in defense by proof. No corrupt motive need be alleged. It is a thing forbidden regardless of the motive.

Reverse and remand for further proceedings.